### RICE MFG. CO. v. SMITH & HEMENWAY CO., Inc.

(Court of Appeals of District of Columbia.   Submitted November 16, 1922.
Decided January 2, 1923.)

No. 1517.

1. **Trade-marks and trade-names and unfair competition ⟨⟩43—Opposer's use of mark for manual rivet cutters prohibits applicant from registering mark for use in connection with automatic rivet cutter.**

Registration of the trade-mark "Red Devil," used in connection with the sale of pneumatic automatic rivet cutter, will be refused, where prior to applicant's adoption of this mark opposer had used it in connection with the sale of numerous tools, including manual rivet cutters, as the general characteristics of both kinds of rivet cutters are the same.

2. **Trade-marks and trade-names and unfair competition ⟨⟩43—Applicant's use of mark for automatic rivet cutters and opposer's use of mark for manual rivet cutters likely to deceive purchasers.**

Applicant's use of the mark "Red Devil" for automatic rivet cutters and opposer's use of the same mark for manual rivet cutters is likely to create confusion in the mind of the public and to deceive purchasers.

Appeal from the Commissioner of Patents.

Application by the Rice Manufacturing Company for registration of a trade-mark, opposed by Smith & Hemenway Company, Inc. From a decision sustaining the opposer, and refusing registration, applicant appeals. Affirmed.

J. F. Robb, H. C. Robb, and H. S. Hill, all of Washington, D. C., for appellant.

F. C. Somes, of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from concurrent decisions of the Patent Office tribunals in a trade-mark opposition proceeding, in which applicant was denied the right to register the words "Red Devil," accompanied by a supposedly representative picture.

Applicant adopted this mark in 1918, and since that time has used it in connection with the sale of pneumatic rivet cutters. Prior to the adoption of this mark by the applicant, the opposer, appellee here, adopted and has since used substantially the same mark in connection with the sale of numerous tool and hardware specialties, such as

glass cutters, cold chisels, pliers, saw vices, chain drills, hack saws, nail and rivet sets, wire grips, etc.

[1] It is the contention of the applicant that its pneumatic rivet cutters are not of the same descriptive properties, within the meaning of the Trade-Mark Act (Comp. St. § 9485 et seq.), as the smaller tools of the opposer. The Patent Office thought otherwise. The business end of applicant's rivet cutter is a cold chisel, and, although the power actuating it is derived from pneumatic pressure, it functions in exactly the same way as though manually operated. In other words, it is a rivet cutter, whether automatically or manually operated.

[2] It may be conceded that there is considerable difference between a large automatic rivet cutter, and a smaller hand tool, such as opposer manufactures and sells; but that difference is less noticeable in the smaller tool manufactured by applicant and called the "Baby Devil." In either case, however, the purpose of the tools of the two parties is the same, and it must be held that they are goods of "the same general qualities or characteristics as those of the goods to which" opposer's trade-mark already had been applied. Anglo-American Incand. L. Co. v. General E. Co., 43 App. D. C. 385; Imperial Cotto Sales Co. v. N. K. Fairbanks Co., 50 App. D. C. 250, 270 Fed. 686. Certainly there is sufficient similarity in the characteristics of the products of the parties as to be likely to create confusion in the mind of the public and to deceive purchasers.

The decision therefore is affirmed.

Affirmed.